Harry Marean, Appellant, v. New York, Susquehanna & Western R. R.

*Negligence—Railroads—Contributory negligence—Car inspector—Risk of employment—Master and servant.*

A car inspector is guilty of contributory negligence when he goes under a car standing on a switch, at a time of day when he knows that a train is usually run on the switch, and makes no inquiry or observation to ascertain whether the train had been placed there.

Where a person enters upon the employment of car inspector, knowing that a signal lamp and flag which were not then in use were necessary to his safety, he assumes the risk of the danger by continuing in the employment without the lamp and flag being furnished to him.

Argued March 12, 1895.  Appeal, No. 4, Jan. T., 1895, by plaintiff, from judgment of C. P. Monroe Co., May T., 1891, No. 29, on verdict for defendant.  Before Sterrett, C. J., Green, Mitchell, Dean and Fell, JJ.  Affirmed.

Trespass for personal injuries.  Before Dreher, P. J.

At the trial it appeared that on November 25, 1889, plaintiff, a car inspector, sustained personal injuries while under a car standing on a switch.

The court charged as follows:

" The plaintiff in this case seeks to recover damages from the defendant railway company on the ground of negligence, as he alleges, on the part of the company in not furnishing him with what is called a car inspector's signal.  The plaintiff entered the service of this company in August, 1888, and remained in their service to the night of November, 1889, when this unfortunate accident occurred.  At first he was employed as a car repairer and to do other service there, and sometimes inspect cars, but he himself tells us that about the first of November he was changed to car inspector.  He says that he gave notice to the boss at that time that he would not inspect these cars unless the company furnished him with a car inspector's signal, and he says the foreman told him that he should go to work and the signal would be furnished; that he did enter the service.  Not long afterwards he had occasion to go under one car, and immediately, or very soon after that, he called the foreman again to know why the signal had not been received.  The foreman told him that he had written for it and that it ought to be here now and would be soon.  If there was nothing else of this case except the circumstances under this statement of the plaintiff I would submit this case to you, be bound to do it, but this plaintiff further tells us that on this night—but I must preface this with the statement which you have heard from the evidence—that this New York, Susquehanna & Western Railroad Company had its terminus at this Gravel Place, and that the coal cars are brought up country or somewhere up the D., L. & W. R. R. and delivered at Gravel Place to this defendant company, and that they are delivered by running the cars some distance below the depot and then backing them on the switches of the defendant com-

pany. This plaintiff knew this practice, necessarily he must have known it. He tells that on this night when this accident occurred he was down at the lower end of the yard when this train came in, the train that ran into the car he was inspecting. That is his statement. Other witnesses think that the train having been divided, but the plaintiff, it seems that he don't know whether it was divided or not, that he was there when the train came in, and that that was before he inspected this car under which he fell. Then with the knowledge of this train below and the probability or possibility of its backing into the cars he was inspecting, he deliberately goes under that car without having made any inquiry or observation to ascertain whether that train of cars had been shoved up and placed permanently. Having done this, as I understand the law, he was guilty of what is known as contributory negligence, and assuming that the railroad company was negligent in not furnishing a signal, he himself was so negligent that his negligence will bar any recovery in this case.

"Now of course this case is one calculated to excite our sympathy. This young man was unfortunate in the loss of his foot but that cannot be considered. I shall simply say to you, you shall render a verdict in favor of the defendant in this case."

Verdict for defendant.

On a rule for a new trial, ALBRIGHT, P. J., specially presiding, filed the following opinion:

"The reasons stated by the lamented Judge DREHER when he directed the jury to find for defendant, are unanswerable. From the testimony on plaintiff's part—testimony introduced to show how the accident complained of occurred—it is plain that the negligence of plaintiff contributed to the injury. The law is well settled that where there has been negligence by the party injured which contributed in any degree to the injury, there can be no recovery: City v. Fischer, 111 Pa. 9.

"A further reason is also apparent. Plaintiff was hurt and maimed while inspecting cars not attached to a locomotive standing on a side track. While he was under the cars, or rather while getting out from under them a section of a train was backed up against and moved the cars plaintiff was engaged upon. This was on the night of Nov. 25, 1889. Plaintiff had

been engaged about the same place upwards of a year as car repairer. In the beginning of November, 1889, his employment was changed to inspecting. The following is found in plaintiff's own testimony : ' At the time I was changed to car inspecting there was a conversation between the foreman of the repair shop and myself as follows : James Mahlon came to me and said that he wanted me to go to work as car inspector and I told him I would not inspect cars unless the company would furnish me with the proper signal to protect me while under the cars. He said go on to work and I will furnish you the signal for that purpose. On being promised to be furnished the signal I went to work as car inspector. About two weeks after I went to work as inspector I had occasion to go under the cars to examine a drawhead spring, etc., and in a short time after this I went to the foreman, James Mahlon, and asked him why he did not furnish me the signal as he had promised. He said that the signal ought to be here now ; that he wrote to the superintendent about it and he sent him an answer saying that the signal would be furnished immediately. In a short time after this conversation, to wit, on the night of November 25, it became necessary for me to go under the cars.' Then he was hurt.

" So this was not a case where an appliance became defective, or disappeared during the employment of the complaining party, and he continued to work upon the promise and expectations of repair or restoration. The plaintiff entered upon his new employment as inspector knowing or believing that a signal lamp and flag, which were not in use then were necessary to his safety, but notwithstanding it was not furnished he entered upon and continued in said employment without the signal. He took the risks knowing the danger. In such a case a plaintiff cannot recover.

" Russell v. Hutchinson, 15 W. N. 482, is one of the many cases demonstrating that. That case also answers the argument of plaintiff's counsel concerning the age of the plaintiff —he was about nineteen when he was injured.

" What was said of the plaintiff in Reese v. Clark, 146 Pa. 465, applies to this plaintiff : 'He was under no obligation to continue working in a dangerous place of employment, and if he did so he assumed the risk himself.'

" While deploring the unfortunate plight of the plaintiff it must be declared, that under the rules of law laid down by the Supreme Court of this commonwealth he is not entitled to compensation at the hands of defendant.

" October 21, 1893, the rule for a new trial is discharged."

Judgment for defendant.

*Error assigned* was in instructing jury to find verdict for defendant.

*C. Smith, H. J. Kotz* with him, for appellant, cited, on the question of contributory negligence: Christman v. R. R., 141 Pa. 604; Brown v. French, 104 Pa. 604; Moore v. R. R., 4 A. & E. R. R. 569; R. R. v. Werner, 89 Pa. 66; Dublin & Waterford R. R. v. Slattery, 39 L. T. Rep. (N. S.) 265; R. R. v. Kane, 6 Atl. 845; R. R. v. Armstrong, 52 Pa. 286; Payne v. Reese, 100 Pa. 301.

Cited on the question of risk of employment: Patterson v. R. R., 76 Pa. 389; Clarke v. Holmes, 7 Hur. & Nor. 937; Priestley v. Fowler, 3 M. & W. 1; Pantzar v. Mining Co., 99 N. Y. 376; Hough v. R. R., 100 U. S. 213; Patterson v. Wallace, 1 Macq. (Sc. App.) 748; Bunting v. Hogsett, 139 Pa. 376; McGrew v. Stone, 53 Pa. 436; Dickson v. Reuter's Tel. Co., 17 A. L. Reg. 224; R. R. v. Stout, 17 Wall. 657; R. R. v. Duffy, 35 Ark. 602.

*John B. Storm, A. M. Palmer* with him, for appellee, cited, on the question of contributory negligence: Monongahela City v. Fisher, 111 Pa. 9; West Chester & Phila. R. R. v. McElwee, 67 Pa. 311; Penna. R. R. v. White, 88 Pa. 327; Phila., Wilm. & Balt. R. R. v. Stinger, 78 Pa. 219; Pittsburg & Connellsville R. R. v. McClurg, 56 Pa. 294; Penna. R. R. v. Ogier, 35 Pa. 60; Dealey v. R. R., 40 L. I. 24; Morgan v. Camden & Atl. R. R., 23 W. N. C. 189; Brown v. Allegheny Val. R. R., 151 Pa. 562.

Cited on the risk of employment: King v. Thompson, 87 Pa. 365; Nagle v. R. R., 88 Pa. 35; Goshorn v. Smith, 92 Pa 435; Jennings v. R. R., 93 Pa. 337; Koons v. Telegraph Co., 102 Pa. 164; Wood on Master and Servant, 326; 3 Wood's Ry. Law, 370; Pierce on Railroads, 358; Beach on Contribu-

tory Negligence, sec. 140; Schall v. Cole, 107 Pa. 1; Russell v. Hutchinson, 15 W. N. C. 482; Reese v. Clark, 146 Pa. 465.

PER CURIAM, April 1, 1895:

All that need be said on the questions involved in this case will be found in the clear and satisfactory opinion of the learned president of the 31st judicial district, who presided specially at the hearing of the rule for new trial in this case. Neither of said questions requires further elaboration. There was no error in directing a verdict for defendant.

Judgment affirmed on the opinion above referred to.